UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT MAHAFFEY | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| JIMMY'S OF HOUSTON, INC. | § | |
| | § | |
| **Defendant** | § | |

## COMPLAINT

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff ROBERT MAHAFFEY and brings this cause of action against JIMMY'S OF HOUSTON, INC. ("JIMMY'S OF HOUSTON" or "Defendant"). JIMMY'S OF HOUSTON, INC. owns, controls, manages, and rents the real estate, property, and improvements in Houston, Texas, where a business named MONOPOLY UNISEX SALON operates. Mr. MAHAFFEY respectfully shows that the Defendant's real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

### I. CLAIM

1.      Mr. MAHAFFEY, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2.      Defendant refused to provide Mr. MAHAFFEY and others similarly

situated with sufficient ADA-compliant parking in the parking lot that serves
MONOPOLY UNISEX SALON. At the Houston location, there are no ADA-compliant
van-accessible spaces on the shortest access route to the business. Additionally, several of
the disabled parking spaces are missing signs.

   Based on these facts, DEFENDANT has denied Mr. MAHAFFEY the ability to
enjoy the goods, services, facilities, privileges, advantages, and accommodations at
MONOPOLY UNISEX SALON.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28
U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities
Act of 1990, 42 U.S.C. §12101, et seq.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the
events complained of occurred in Houston, Texas, where the MONOPOLY UNISEX
SALON business is located.

## PARTIES

5.     Plaintiff ROBERT MAHAFFEY is an honorably discharged U.S. Army
veteran who participated in Operation Desert Storm. As a result of his service, Mr.
Mahaffey has mobility impairments, as established by the Federal government and the
Veteran's Administration. Mr. Mahaffey has Disabled Veteran license plates on his
vehicle as issued by the State of Texas. Mr. Mahaffey has significant mobility
impairments, uses assistive devices for mobility and is a "qualified individual with a
disability" within the meaning of ADA Title III.

6.     Defendant JIMMY'S OF HOUSTON, INC. owns, manages, controls, and

2

leases the improvements and building where the MONOPOLY UNISEX SALON is situated. The address of MONOPOLY UNISEX SALON is 7448 Park Place Blvd, Houston, Texas 77087. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7.     Defendant JIMMY'S OF HOUSTON, INC. is the owner of the property. Defendant is a domestic corporation. Defendant can be served process via service to its Registered Agent: Deborah A. Haines at 7448 Park Place, Houston, Texas 77017 as indicated by records from the Texas Secretary of State.

## II. FACTS

8.     MONOPOLY UNISEX SALON is a business establishment and place of public accommodation in Houston, Texas. MONOPOLY UNISEX SALON is situated on real estate, property, and improvements owned, controlled, managed, and leased out by JIMMY'S OF HOUSTON, INC.

9.     MONOPOLY UNISEX SALON is not accessible to disabled individuals because it has no ADA-compliant van-accessible spaces on the shortest access route to the business. At the Houston location, there are none whatsoever on the premises. In addition, several disabled parking signs are missing.

10.     Pictures taken at the location prove this:

3



MONOPOLY UNISEX SALON business in Houston, TX. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, several disabled parking signs are missing.



MONOPOLY UNISEX SALON business in Houston, TX. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, several disabled parking signs are missing.



MONOPOLY UNISEX SALON business in Houston, TX. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, several disabled parking signs are missing.

11.     The Plaintiff went to MONOPOLY UNISEX SALON property in March of 2022.

12.     In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff intends to return to MONOPOLY UNISEX SALON. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected because he is not able to safely access the location without fear of being struck by a vehicle. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming a normal lifestyle and enjoying access to businesses in his area.

13.     Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive

and obvious; (2) the Defendant exercised control and dominion over the conditions at this

location and, therefore, the lack of accessible facilities was not an "accident" because

Defendant intended this configuration; (3) Defendant has the means and ability to make

the change; and (4) the changes to bring the property into compliance are "readily

achievable."

14.     At the Houston location, there are no ADA-compliant van-accessible

spaces on the shortest access route to the business. In addition, several disabled parking

signs are missing and the disabled spaces are located on the far side of the building, thus

deterring Disabled patrons from accessing the business.

15.     The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been

federal law for 30 years. These are blatant violations of the ADA.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

16.     Plaintiff repleads and incorporates by reference, as if fully set forth at

length herein, the allegations contained in all prior paragraphs of this complaint.

17.     Under the ADA, it is an act of discrimination to fail to ensure that the

privileges, advantages, accommodations, facilities, goods and services of any place of

public accommodation is offered on a full and equal basis by anyone who owns, leases,

or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination

is defined, inter alia, as follows:

a.     A failure to make reasonable modifications in policies, practices,

or procedures, when such modifications are necessary to afford goods, services,

facilities, privileges, advantages, or accommodations to individuals with

disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.     A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

      c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18.     Here, the Defendant did not provide a sufficient number of ADA-compliant van-accessible parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA.

## IV. RELIEF REQUESTED

Injunctive Relief

19.     Mr. MAHAFFEY will continue to experience unlawful discrimination as a result of the Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

Declaratory Relief

20.     Mr. MAHAFFEY is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

21.     The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

Attorney's Fees and Costs

22.     Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V. PLAINTIFF HAS STANDING

23.     The United States Court of Appeals for the Fifth Circuit is clear with regard to ADA standing and set forth its reasoning in *Frame v. Arlington, 657 F.3d 215 (5ᵗʰ Cir. 2011)(cert. denied)*: "Article III standing requires a plaintiff seeking injunctive relief to allege 'actual or imminent' and not merely 'conjectural or hypothetical' injury."

24.     In this manner, the Fifth Circuit ruled in *Frame* that for a person to have standing and bring an ADA claim, the person must allege the inability to access the goods, facilities, and services that the defendant offers. As applied to the instant case, the Plaintiff alleges that he is unable to fully access the goods, facilities, and services at the Defendant's property because the property is not accessible and is not ADA-compliant. The Plaintiff lives in the Harris County area, has visited the Defendant's property, has the

intent to return, but was 'deterred from visiting or patronizing the accommodation,' thus meeting the requirements for standing in *Frame.*

25.     Again, the Fifth Circuit emphasizes how standing is met by ADA claimants: "Once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, the plaintiff has suffered an injury." See *Frame v. Arlington, 657 F.3d 215 (5th Cir. 2011)(cert. denied), quoting Pickern v. Holiday Foods Inc., 293 F.3d 1133, 1136-37 (9th Cir. 2002).* Thereby, Plaintiff meets the Fifth Circuit standard under *Frame* to allege and plead a sufficient cause of action.

26.     Plaintiff also alleges that his day-to-day life has been negatively impacted by the Defendant's refusal to bring the property into ADA compliance. Thus, Plaintiff meets the second prong of the Fifth Circuit's requirement for standing in ADA cases: a) intent to return; and b) negative impact on day-to-day life. *See Frame v. Arlington, supra.*

27. The parking layout at Defendant's location creates a hazardous condition because: 1) there are no van-accessible spaces and a customer cannot safely exit their vehicle and remove their mobility aids (cane, walker or wheelchair); 2) there are no disabled / handicapped spaces whatsoever, thus forcing disabled customers to park far from the store entrance; and 3) lack of markings / proper signage which allow vehicles to park everywhere, thus creating the likelihood that the Plaintiff could be injured by another vehicle as Plaintiff is offloading mobility assistance devices (cane, walker, wheelchair, etc.) These conditions make it appear that Plaintiff is unwelcome at Defendant's property. Thus, the Plaintiff is deterred from accessing MONOPOLY

UNISEX SALON and meets the pleading standard under *Frame* to show standing and seek injunctive relief.

28. Intent to Return. Plaintiff has the intent to return to MONOPOLY UNISEX SALON. The Plaintiff is a resident of Harris County, Texas, and shops locally. The Plaintiff believes it is beneficial to shop locally to save money and provide for the well-being of his family. Not having access to local businesses (because of his disability) negatively impacts the Plaintiff's daily life. Not being able to patronize local shops and stores negatively impacts Plaintiff in his day-to-day life.

## VI.  PRAYER FOR RELIEF

THEREFORE, Mr. MAHAFFEY respectfully requests this Court award the following relief:

A.      A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Mr. MAHAFFEY and those similarly situated, in violation of the law;

B.      A declaratory judgment that Defendant's actions are a violation of the ADA;

C.      Find that Mr. MAHAFFEY is the prevailing party in this action, and order Defendant liable for Plaintiff's attorney's fees, costs, and litigation expenses; and,

D.      Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: August 1, 2022

Respectfully,

By:   */s/ R. Bruce Tharpe*
       R. Bruce Tharpe

**LAW OFFICE OF**
**R. BRUCE THARPE, PLLC**
PO Box 101
Olmito, TX 78575
(956) 255-5111 (Tel)
(866) 599-2596 (Fax)
Email: rbtharpe@aol.com
Questions@BruceTharpeLaw.com
ATTORNEY OF RECORD FOR
PLAINTIFF ROBERT MAHAFFEY